erence to "proceedings for enforcement" is limited to the facts of that case only.

Consequently, the proper procedure in cases such as the present case is as dictated by *Boniface*. I read *Boniface* to allow this court jurisdiction to enforce trial courts' child custody and visitation orders when the judgment is on appeal through original application for writ of habeas corpus filed in this court. If the application requires proof, we must then comply with *Boniface* and:

> [R]efer the matter of hearing evidence and taking testimony to the district court. The lower court will then forward the transcript of evidence to the court of appeals. This is ordinarily the preferable procedure. In this instance, the appellate court retains jurisdiction of the [application] though the factual inquiry is conducted in the trial court.

*Boniface*, 650 S.W.2d at 778.

Such an original application was presented to this court and denied. I would set aside that denial and follow *Boniface*. I read *Boniface* as did the trial court. Consequently, I would deny the writ of mandamus.

son, Alan S. Loewinsohn, Dallas, for appellee.

Before STEPHENS, MALONEY, and DEVANY, JJ.

STEPHENS, Justice.

In obedience to the Supreme Court's opinion of March 6, 1985 in Cause Nos. C–3248 & C–3393, the opinion of this court in *Gaynier v. The Honorable Dee Johnson*, issued May 15, 1984, and appearing at 673 S.W.2d 899, is hereby withdrawn, and any orders issued thereunder are hereby declared null and void.

**Phillip Charles MELANCON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–84–338–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 4, 1985.

**Ruby Lee GAYNIER, Appellant,**

v.

**The Honorable H. Dee JOHNSON, Appellee.**

**No. 05–83–01363–CV.**

Court of Appeals of Texas,
Dallas.

April 3, 1985.

David M. Stagner, Rim Nall, Nall, Stagner & Pelley, Sherman, for appellant.

Ernest E. Figari, Jr., Thomas A. Graves, Sheri Turner Alexander, Johnson & Swan-